IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KATHERINE NGUYEN on behalf of herself individually, AND ALL OTHERS SIMILARLY SITUATED,** § § § | | |
| Plaintiffs, § | | |
| § | **CIVIL ACTION** | |
| § | **FILE NO: 4:17-cv-3858** | |
| **v.** § | | |
| § | | |
| **DELIVERIT TRANSPORTATION, LLC** § | **JURY DEMANDED** | |
| Defendant. § | | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, PLAINTIFF KATHERINE NGUYEN, on behalf of herself individually and all others similarly situated, (hereinafter referred to as "Plaintiff") and complains of Defendant Deliverit Transportation, L.L.C., (hereinafter collectively referred to as "Defendant") and for cause of action would show the Court as follows:

### I.     INTRODUCTION

1.     This is a collective action suit to recover minimum wage, unpaid overtime wages, and for retaliation brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2.     This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, and post-judgment interest for Defendant' willful failure to pay overtime wages and compensation for hours worked, but not recorded or paid, pursuant to 29 U.S.C. § 216(b) and for failure to pay overtime for Plaintiff KATHERINE NGUYEN individually, and all others similarly situated, in the course of their employment with the Defendant.

3     KATHERINE NGUYEN, and all others similarly situated demand a jury trial on all issues that may be tried to a jury.

4. This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## II. JURISDICTION AND VENUE

5. Plaintiff KATHERINE NGUYEN, on behalf of herself individually and the Plaintiff class, brings this action to recover, unpaid overtime wages and compensation earned but not paid, by the Defendant, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

6. This Court also has jurisdiction of these claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

7. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III. PARTIES

8. Plaintiff **Katherine Nguyen**, is a resident of Houston Texas.

9. Members of the **"Plaintiff Class"** are current and former employees of Defendant who work, or have worked, at Defendant's pharmacy's in Texas.

10. Defendant **Deliverit Transportation, L.L.C.,** may be served with summons by serving its registered agent Ehab M. Zuhair Abughazaleh located at 13303 West Airport Boulevard, Sugar Land, Texas 77478 or by serving any employee of Defendant at Defendant's business 13303 West Airport Boulevard, Sugar Land, Texas 77478.

11. Whenever in this complaint it is alleged that the named Defendant committed any act or omission, it is meant that Defendant' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendant' officers, directors, vice-principals, agents, servants or employees.

12. At all material times, Defendant has been an employer within the meaning of 3(d) of

the FLSA 29 U.S.C. § 203(r).

13. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA 29 U.S.C. § 203(r).

14. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s) (1) of the FLSA because it has had employees engaged in commerce. 29 U.S.C. § 203(s) (1).

15. At all material times, Plaintiff was an individual employee who was engaged in commerce of in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

16. Defendant are all Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## IV. CLASS ALLEGATIONS

17. Plaintiff KATHERINE NGUYEN, files this case as an "opt in" collective action, as it is specifically allowed by 29 U.S.C. § 216(b).

18. The class that Plaintiff KATHERINE NGUYEN, seeks to represent may be described as follows:

> **All current and former employees of Defendant that worked at their locations owned or operated by Defendant in Texas during the class period, and claims that he or she either failed to receive all of his or her minimum wage pay in violation of 29 U.S.C.201 et. seq . and seeks payment for such lawfully earned minimum wage pay, or (b) failed to receive all of his or her overtime compensation, in violation of 29 U.S.C. 201 et. seq.**

19. Plaintiff, KATHERINE NGUYEN, seeks to represent only those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by counsel for Plaintiff KATHERINE NGUYEN , as required by 29 U.S.C. § 216(b).

20. Those persons who choose to opt in, referred to as the "Plaintiff's class", will be listed on subsequent pleadings and copies of their written consents to sue will be filed with the Court.

21. Plaintiff KATHERINE NGUYEN contends that this action is appropriate for collective action status because Defendant herein have acted in the same manner with regard to all members of the Plaintiff's class.

## V. FACTS

22. At all times relevant to this action, Defendant have been subject to the requirements of the Fair Labor Standards Act 29 U.S.C. 201 et.seq.

23. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

24. Defendant employed Plaintiff KATHERINE NGUYEN, from December 24, 2014 through June 17, 2016 at Defendant's Pharmacy located at 13303 W. Airport Boulevard, Sugar Land, Texas 77478.

25. Defendant operates a pharmacy Plaintiff worked as a pharmacy technician in Defendant's business. Plaintiff input prescriptions into a database, handled customer returns, and filled out and submitted insurance claims forms.

26. During the period of her employment that Plaintiff has worked for Defendant, Plaintiff has worked as pharmacy technician, and performed the duties described above.

27. Plaintiff performed most of her work at the location at 13303 W. Airport Boulevard, Sugar Land, Texas 77478 while employed for the Defendant.

28. During her employment and in the routine performance of her day-to-day job duties., Plaintiff has performed non-exempt work, during a significant period of most days, as classified by

the Act, because the performance of Plaintiff's job required it and because Defendant' management required the performance of those non-exempted job duties, as a condition of Plaintiff's continued employment.

29.     Specifically, Plaintiff input prescriptions that were to be filled into a database. Plaintiff also handled customer returns including processing refunds and restocking returned merchandise. Plaintiff also completed insurance claims forms for customers to be submitted to insurance companies which paid for prescriptions.

30.     During the beginning of Plaintiff's employment, Plaintiff was paid a regular hourly rate of $16.00 per hour.

31.     During Plaintiff's employment, while working for the Defendant, Plaintiff was required to work overtime hours in excess of 40 hours worked during many seven-day workweeks.

32.     Further, during these hours worked, Plaintiff has performed the function of her job, which included the performance duties typically performed by "hourly" paid non-exempt employees because the job required it and the Defendant' management required it, as a condition of Plaintiff's continued employment.

33.     Plaintiff often worked in excess of 40 hours per week during her employment with the Defendant during her period of employment.

34.     Plaintiff and others like her, were routinely paid for only 40 hours of work, despite the fact that they worked in excess of 40 hours weekly.

35.     Plaintiff used a time clock or time recording device during her employment with Defendant. Although Defendant recorded some of her hours, Defendant would require Plaintiff, and others like her, to perform work in advance of their shift and after their shift when they had clocked out. Thus Plaintiff worked many hours "off the clock" and Defendant enjoyed the benefit of stealing Plaintiff's, and others like her, wages.

36. Defendant required Plaintiff and all others similarly situated to perform all necessary work to include the performance of those duties otherwise typically performed by "hourly" employees which routinely required Plaintiff and other similarly situated employees to work "overtime" hours as defined by 29 U.S.C. § 201 *et seq.*, for which they failed to receive overtime compensation as required by the Act.

37. Defendant failed to pay statutory overtime as required by 29 U.S.C. § 201 *et seq.*

## VI. FIRST CLAIM FOR RELIEF
**(Unpaid overtime compensation under the FLSA)**

38. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

39. Plaintiff KATHERINE NGUYEN, and all others similarly situated are considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S.C. 201, et seq., as well as by the administrative regulations used to interpret the Act.

40. Plaintiff KATHERINE NGUYEN, and all others similarly situated are entitled to receive overtime pay for all hours they have worked in excess of 40 during each seven-day workweek.

41. Defendant failed to compensate Plaintiff and all others similarly situated, their entitled pay (including overtime pay) for those hours they worked in excess of 40 per week.

42. Defendant has violated 29 U.S.C. § 201 *et seq.* by failing to compensate the Plaintiff and all other similarly situated employees "overtime" pay for all hours worked in excess of 40 hours per week.

38  Defendant has failed to make good faith efforts to comply with the FLSA, and has willfully and deliberately sought to evade the requirements of the federal statute, specifically by failing to record the hours its employees actually work.

39. Defendant has failed to maintain a complete, accurate, and contemporaneous record of the number of hours worked per workweek by Plaintiff and by all other similarly situated employees, as required by law.

40. Defendant has failed to keep or record time records reflecting what hour's employees, such as the Plaintiff and those similarly situated actually worked.

41. Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

42. No lawful exemption excused the Defendant from compensating Plaintiff and all others similarly situated, overtime pay for hours worked over forty per week.

43. Defendant knowingly, willfully, or with reckless disregard carried out an illegal pattern and practice of deceptive and fraudulent accounting practices regarding overtime compensation due to Plaintiff and to all others similarly situated.

44. Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid overtime compensation from the date they commenced employment for the Defendant until the date of trial.

45. Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

### VII. COLLECTIVE ACTION ALLEGATIONS

46. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

47. Other employees have been victimized by this pattern, practice, and policy of the Defendant that is in violation of the FLSA.

48. Thus, from personal knowledge, Plaintiff is aware of the illegal practices and

policies Defendant has imposed on other workers.

49. Other, similarly situated employees are being denied their lawful wages.

50. Accordingly, Defendant's pattern and practice of failing to pay overtime pay (at time and one-half) to its employees as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of the member's class.

51. Plaintiff KATHERINE NGUYEN's experience is typical of the experience of the member's class as it pertains to compensation.

52. The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

53. All employees, regardless of their job requirements or rates of pay, who are denied overtime compensation for hour worked in excess of 40 per week, are similarly situated.

54. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

55. All current and former employees of Defendant's pharmacies who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied overtime pay for hours worked in excess of forty (40) in any given workweek are properly included as members of the class.

### VIII. SECOND CLAIM FOR RELIEF
(Failure to compensate for work performed "off the clock")

56. Plaintiff KATHERINE NGUYEN, and all others similarly situated are considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S.C. 201, et seq., as well as by the administrative regulations used to interpret the Act.

57. Defendant failed to compensate Plaintiff and all others similarly situated, their

entitled pay for all hours they worked in a workweek.

58. Defendant failed to make good faith efforts to comply with the FLSA, and has willfully and deliberately sought to evade the requirements of the federal statute.

59. Defendant failed to maintain a complete, accurate, and contemporaneous record of the number of hours worked per workweek by Plaintiff and by all other similarly situated employees, as required by law.

60. Defendant engaged in wage theft by not compensating Plaintiff and all others similarly situated for work they were required to perform at Defendant's pharmacies as part of their regular job duties by forcing Plaintiff and other similarly situated employees to perform work prior to and after their shift without compensation.

61. Defendant demanded this wage theft as a condition of Plaintiff and all those similarly situated, continued employment.

62. The Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

63. No lawful exemption excused the Defendant from compensating Plaintiff and all others similarly situated for hours worked, but not recorded or paid in a workweek

64. Defendant knowingly, willfully, or with reckless disregard carried out an illegal pattern and practice of deceptive and fraudulent accounting practices regarding compensation due to Plaintiff and to all others similarly situated for hours worked, but not recorded or paid.

65. Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid compensation for hours worked, but not recorded or paid, from the date they commenced employment for the Defendant until the date of trial.

66. Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. §

216(b), along with post-judgment interest at the highest rate allowed by law.

## IX.   COLLECTIVE ACTION ALLEGATIONS

67.   Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

68.   Other employees have been victimized by this pattern, practice, and policy of the Defendant that is in violation of the FLSA.

69.   Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendant has been imposed on other workers.

70.   Other, similarly situated employees are being denied their lawful wages.

71.   Accordingly, Defendant's pattern and practice of failing to compensate employees for work performed, but not recorded or paid, as required by the FLSA results from the Defendant's general application of policies and practices, and does not depend on the personal circumstances of the members class.

72.   Plaintiff KATHERINE NGUYEN's, experience is typical of the experience of the member's class as it pertains to compensation.

73.   The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

74.   All employees, regardless of their job requirements or rates of pay, who are denied compensation for hours worked, but not recorded or paid, are similarly situated.

75.   All employees, regardless of their job requirements or rates of pay, who were the victims of the wage theft scheme engaged in by the Defendant, are similarly situated

76.   Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

77. All current and former employees of Defendant' restaurant business, who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied compensation for hours worked, but not recorded or paid in any given workweek are properly included as members of the class.

## X. ATTORNEY'S FEES

78. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

79. Plaintiff KATHERINE NGUYEN, and all other similarly situated, are entitled to recover attorney's fees and costs for bringing this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## XI. JURY DEMAND

80. Plaintiff KATHERINE NGUYEN, on behalf of herself and all other similarly situated, makes a formal demand for a jury trial in this matter.

## XII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff KATHERINE NGUYEN, and all other similarly situated respectfully request that upon hearing, the Court grant Plaintiff, and all others similarly situated, relief as follows:

a. Declare that Defendant has violated the Fair Labor Standards Act, specifically, 29 U.S.C. § 207, by failing to Plaintiff and all others similarly situated, overtime pay at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period;

b. Enjoin Defendant from failing to pay Plaintiff and all others similarly situated, at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period, and for failing to compensate for work

performed, but not recorded or paid;

c. Order Defendant to pay Plaintiff and all others similarly situated, the difference between what they should have paid for overtime hours Plaintiff worked during the relevant period and what they were actually paid, as well as compensation for hours worked but not recorded or paid, together with an equal amount as to liquidated damages.

d. Order Defendant to pay Plaintiff and all others similarly situated employees' reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

e. Order Defendant to pay post-judgment interest at the highest lawful rate for all amounts, including attorney's fees, awarded against Defendant.

f. Order further relief, whether legal, equitable, or injunctive, as may be necessitated to effectuate full relief to Plaintiff KATHERINE NGUYEN, and to all other similarly situated employees of the Defendant'.

Respectfully submitted,

**THE LAW OFFICES OF JOE M. WILLIAMS & ASSOCIATES, P.L.L.C.**

8866 Gulf Freeway, Suite 384
Houston, Texas 77017
(713) 980-8900 – Telephone
(713) 400-1104 – Facsimile

By: /s/ *Joe Williams*
    Joe Williams
    Federal ID. No. 997092
    State Bar No. 24063066

**ATTORNEY FOR PLAINTIFF KATHERINE NGUYEN**